# In the United States Court of Federal Claims

No. 19-371C
(Filed: October 21, 2019)

|   |   |   |
|---|---|---|
| LINDA MICHALOVIC CRAWLEY, et al., | ) ) ) | Fair Labor Standards Act; 29 U.S.C. § 216(b); Nationwide Conditional Certification; Common Policy or Plan |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) ) | |

*Daniel M. Rosenthal*, Washington, D.C., with whom was *Linda Lipsett*, for plaintiffs.

*Andrew Hunter*, Civil Division, United States Department of Justice, Washington, D.C., with whom were *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Reginald T. Blades, Jr.*, Assistant Director, for defendant.

**ORDER ON MOTION FOR CONDITIONAL CERTIFICATION**

**FIRESTONE**, *Senior Judge*.

Plaintiffs, Linda Michalovic Crawley and eleven other individuals, work for the Department of Veterans Affairs (VA) at Edward Hines, Jr. Hospital in Illinois as Diagnostic Radiological Technologists. Am. Compl. ¶¶ 7-18, ECF No. 10. Plaintiffs allege that they were wrongfully classified as "exempt" under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, and thus did not receive overtime pay under the FLSA.[1] Am. Compl. ¶¶ 22, 32. They bring suit on behalf of themselves and all others

---

[1] Plaintiffs also allege that the United States unlawfully failed to pay them night and weekend premium pay under the premium pay provisions of Title 5 of the U.S. Code. *See* Am. Compl. ¶¶ 20, 34. Plaintiffs do not currently seek certification of these claims. Mot. at 1 n.1, ECF No. 14.

similarly situated, seeking back pay, liquidated damages, interest, and attorneys' fees and costs. *Id.* ¶ 36.

Pending before the court is the plaintiffs' August 22, 2019 motion for conditional certification under the FLSA of a nationwide class of non-supervisory Diagnostic Radiological Technologists employed by the VA who were classified as FLSA exempt between 2016 and the present. Plaintiffs also seek approval of their proposed notice to this nationwide class and request equitable tolling of the statute of limitations during the court's consideration of their motion for conditional certification. The government does not oppose conditional certification of a class of Diagnostic Radiological Technologists at the particular VA facility where the named plaintiffs work but opposes any certification that reaches beyond that facility.

For the reasons that follow, the court **GRANTS** plaintiffs' alternative request for conditional certification of a class limited to the Hines facility where the named plaintiffs work. The court will also permit plaintiffs to conduct discovery on facts relevant to a possible motion for nationwide certification. Plaintiffs' motion for conditional certification of a nationwide class is **DENIED** without prejudice, and plaintiffs' request for equitable tolling is also **DENIED**.

**I.    BACKGROUND**

The VA operates a network of hospitals and other facilities providing healthcare to veterans. According to data obtained from the VA by the plaintiffs, the accuracy of which the government does not dispute for the purposes of resolving this conditional certification motion, *see* Resp. at 8 n.1, ECF No. 17, the VA employs, nationwide, approximately 4,000 Diagnostic Radiological Technologists, Mot. at 2. An Office of

Personnel Management (OPM) document entitled "Position Classification Standard for Diagnostic Radiologic Technologist Series, GS-0647," provides a description of the duties of a Diagnostic Radiological Technologist. Mot. at 2-3. These duties include "perform[ing] procedures . . . to produce radiographic studies which are used in medical diagnosis . . . ." *Id.* at 3 (internal quotation marks and citation omitted). The plaintiffs further provided VA job postings advertising Diagnostic Radiological Technologist positions in Ohio, North Carolina, and California, which describe duties that plaintiffs argue are in accord with the OPM document. *Id.* at 3. The government, for its part, provided an excerpt of a VA Handbook that also describes the duties of Diagnostic Radiological Technologists based on varying levels of experience. Resp. at 10, Ex. 4.

Linda Michalovic Crawley and the other named plaintiffs work for the VA as Diagnostic Radiological Technologists at Edward Hines, Jr. Hospital in Illinois. Mot. at 3-4. After learning that she was not being paid time-and-one-half for her overtime work, Crawley discovered that some Diagnostic Radiological Technologists at Hines were classified as "non-exempt" under the FLSA, meaning that they received overtime pay, while others doing the same work – including herself and the named plaintiffs – were classified as "exempt," and thus did not receive overtime pay. *Id.* at 4. According to the VA Handbook provided by the government, VA Human Resources policy delegates the determination of FLSA exemption status to local facility Human Resources managers. Resp. at 9-10, Exs. 2-3. After raising her concerns at Hines, Crawley was told by her management that the disparate classification was a mistake, and that all Diagnostic Radiological Technologists should be classified as "non-exempt." Mot. at 4.

According to data obtained by plaintiffs from the VA, approximately 3,000 Diagnostic Radiological Technologists at VA facilities across the country are classified as non-exempt, and approximately 1,000 are classified as exempt. *Id.* at 5. However, plaintiffs did not provide specific evidence, in the form of affidavits or otherwise, from any Diagnostic Radiological Technologists at VA facilities other than the Hines facility, nor did plaintiffs provide specific evidence as to how FLSA exemption status is determined at these other VA facilities.

## II.    LEGAL STANDARDS

Section 216(b) of the FLSA permits plaintiffs to bring an action on behalf of themselves and other "similarly situated" employees. 29 U.S.C. § 216(b). Plaintiffs in an FLSA collective action must affirmatively opt into the class to become party plaintiffs. *See, e.g., Boggs v. United States*, 139 Fed. Cl. 375, 377 (2018).

The mechanism by which a collective action is certified is not specified in the FLSA. *See Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 170-72 (1989). Different courts have adopted varying procedures to govern collective actions, but over the past several decades, most courts, including this court, have adopted a "two-step" approach to certification. *See Boggs*, 139 Fed. Cl. at 378 (listing cases); *Barry v. United States*, 117 Fed. Cl. 518, 520 (2014). Under the "two-step" approach, the court first makes a "preliminary determination of whether the plaintiffs were subject to a common employment policy or plan." *Boggs*, 139 Fed. Cl. at 378. After discovery, the defendant may move to decertify the conditionally-certified class. *Id.*; *Gayle v. United States*, 85 Fed. Cl. 72, 77 (2008). Here, the named plaintiffs and government accept the applicability of the "two-step" approach.

"The first step, which plaintiffs ask the [c]ourt to undertake here, is known as conditional certification, and it facilitates the opt-in process by requiring the defendant to produce the names and addresses of employees in the proposed class and by settling the form of the notice distributed to the class." *Barry*, 117 Fed. Cl. at 520-21 (citation omitted). At this initial stage, "[p]laintiffs' burden . . . is low." *Id.* at 521. Plaintiffs must make a "modest factual showing" that the potential class members are "similarly situated." *Id.* (internal citation and quotation omitted). The Supreme Court has indicated that potential class members are similarly situated if they share "common issues of law and fact arising from the same alleged [prohibited] activity." *Hoffman-LaRoche*, 493 U.S. at 170. "Plaintiffs may satisfy their evidentiary burden by demonstrating that 'the pleadings, affidavits, and other available evidence support the conclusion that potential class members are similarly situated.'" *Whalen v. United States*, 85 Fed. Cl. 380, 384 (2009) (quoting *Gayle*, 85 Fed. Cl. at 77). If this "modest factual showing" has been made, then the court may conditionally certify the collective action. *Boggs*, 139 Fed. Cl. at 379 (internal citation omitted). At this stage, the court does not resolve factual disputes or make credibility determinations. *Gayle*, 85 Fed. Cl. at 79.

After the court has found that putative collective action members are similarly situated, the court has "discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." *Hoffmann-La Roche*, 493 U.S. at 169. The purpose of issuing notice in the context of an action under 29 U.S.C. § 216(b) is to provide potentially affected employees the opportunity to "make informed decisions about whether to participate," which benefits the judicial system by promoting efficient

resolution of "common issues of law and fact arising from the same alleged discriminatory activity." *Id.* at 170; *Whalen*, 85 Fed. Cl. at 387.

### III. DISCUSSION

In support of their motion for nationwide conditional certification, plaintiffs argue that they have made the "modest factual showing" that there are "common issues of law and fact" for VA Diagnostic Radiological Technologists nationwide "arising from the same alleged [prohibited] activity." Mot. at 6 (internal quotation marks and citation omitted). First, plaintiffs argue that they have shown that they are part of a group of approximately 1,000 Diagnostic Radiological Technologists at the VA who were classified as exempt. *Id.* Second, they contend that all 1,000 of these Diagnostic Radiological Technologists are similarly situated in terms of the work they perform because their duties fall under the OPM description of the Diagnostic Radiological Technologist series. *Id.* at 6-7. In further support, plaintiffs provide three VA job postings in that series from Ohio, North Carolina, and California, which plaintiffs contend are consistent with the OPM description. *Id.* at 3, 6-7.

The government responds that plaintiffs have failed to put forth evidence that demonstrates that they and all other FLSA-exempt Diagnostic Radiological Technologists were subject to a "common policy or plan" by the VA that violated the law. Resp. at 1. Rather, the government argues, the plaintiffs have alleged, at most, "scattershot error." *Id.* at 8. The government contends that plaintiffs have made allegations specific to the Hines facility only, but do not provide any detailed allegations of FLSA violations beyond the Hines facility. *Id.* at 5-9, 11-12. The government further argues that the plaintiffs cannot allege a nationwide VA policy because the VA's Human

6

Resources policy explicitly delegates the determination of FLSA exemption status to local facility Human Resources managers. *Id.* at 9.

Notwithstanding plaintiffs' "low" burden, *Barry*, 117 Fed. Cl. at 521, the court finds that conditional certification of a nationwide class is currently not appropriate in this case. To support a nationwide conditional collective action certification, the plaintiffs must demonstrate that the proposed collective action plaintiffs were subject to a "common employment policy or plan" that allegedly violates the FLSA. *See, e.g.*, *Boggs*, 139 Fed. Cl. at 378. Plaintiffs, however, have not provided any evidence of a nationwide VA employment policy or plan. Although plaintiffs have provided data to show that approximately 25 percent of Diagnostic Radiological Technologists are classified by the VA as FLSA-exempt, they have not shown that treating these 25 percent as exempt is part of a unified VA policy. Rather, the exemption decisions reflected in the data provided by plaintiffs appear to be random, even when broken down by experience level. *See* Mot., Ex. 1 ¶ 6. In addition, the government has provided evidence that *local* Human Resources managers, not the VA at the national level, make FLSA exemption determinations. Although the plaintiffs argue that this evidence does not "exclude the possibility" of a "coordinated" policy, *see* Reply at 8 n.6, ECF No. 21, it is plaintiffs' burden to produce "affirmative evidence" of a common policy to show that conditional certification of a nationwide collective is warranted, *see Gayle*, 85 Fed. Cl. at 77-78.

Moreover, for conditional certification of nationwide claims, this court has required evidence of alleged FLSA violations beyond a single facility. *See Gayle*, 85 Fed. Cl. at 78 ("The experience of these three individuals at one Veterans Affairs' medical center is not sufficient to conclude that the agency has a nationwide policy of not

paying overtime to per diem nurses' assistants."); *Briggs v. United States*, 54 Fed. Cl. 205, 207 (2002) ("Mr. Crain's allegation that he was aware of workers in as many as five states who had failed to receive overtime pay is insufficient to support a 'national notice of action' because it offers no specific support for the allegations of a violation (e.g., names, dates, places, types of unlawful action, etc.)."). Plaintiffs here have failed to provide any specific evidence, through pleadings, affidavits, or otherwise, of FLSA violations beyond those alleged at the Hines facility. *See Whalen*, 85 Fed. Cl. at 384 ("Plaintiffs may satisfy their evidentiary burden by demonstrating that 'the pleadings, affidavits, and other available evidence support the conclusion that potential class members are similarly situated.'" (quoting *Gayle*, 85 Fed. Cl. at 77)). Instead, plaintiffs have provided generalized FLSA classification data and specific allegations as to only the Hines employees. This evidence is insufficient.[2] *See Briggs*, 54 Fed. Cl. at 207.

---

[2] Plaintiffs in reply argue that a "common policy" is not necessary because other cases, outside of this circuit, have "recognized that conditional certification is appropriate for employees who are similarly situated in terms of their duties and who suffered a common denial of overtime pay." Reply at 9. This contention is not well supported, as the plaintiffs in the cited cases relied on by the plaintiffs here presented specific evidence of a common policy. *See Nicks v. Koch Meat Co.*, 265 F. Supp. 3d 841, 853 (N.D. Ill. 2017) ("[p]laintiffs here have submitted multiple declarations from workers who worked at multiple locations in which they averred that they were regularly required to work more than 40 hours per week without being paid overtime," establishing a "de facto practice at more than one Complex of not paying for overtime hours"); *Smith v. Generations Healthcare Servs. LLC*, 2017 BL 238125, at 5 (S.D. Ohio July 11, 2017) (attached at Reply, Ex. D) (providing deposition testimony from defendants' corporate representative "conced[ing] that Defendants' payment policy of paying *no* overtime premium applies uniformly to all of the companies' [home health aids]"); *Casarotto v. Exploration Drilling, Inc.*, 2015 BL 346085, at 5 (D. Mont. Oct. 15, 2015) (attached at Reply, Ex. E ) ("[Plaintiff], however, provides declarations [from six declarants that worked at numerous sites] that go beyond merely asserting conditional certification should be based on an exemption designation.").

The court therefore concludes that plaintiffs have not yet demonstrated that nationwide certification is appropriate in this case. However, the specific evidence presented by plaintiffs does demonstrate that conditional certification is warranted for non-supervisory FLSA-exempt Diagnostic Radiological Technologists employed by the VA at the Hines facility where the named plaintiffs work. Moreover, the government does not oppose conditional certification limited to the Hines facility. Resp. at 2. The court therefore grants the plaintiffs' alternative request for conditional certification limited to that facility. Mot. at 2, 12-13.

Upon finding that conditional certification is appropriate, the court may exercise its discretion to facilitate the notice process. *Hoffman-La Roche*, 493 U.S. at 169; *Whalen*, 85 Fed. Cl. at 387. The plaintiffs are therefore directed to submit to the court a revised proposed notice for authorization, consistent with this opinion, by the date set forth below.

Having granted plaintiffs' alternative request for conditional certification limited to the Hines facility, the court next turns to whether equitable tolling of the statute of limitations for that limited class is appropriate. Plaintiffs argue, in the context of their motion for nationwide certification, that the statute of limitations should be tolled during the consideration of their motion to "avoid any prejudice to the class from any delay between the filing of this motion and transmission of notice." Mot. at 11. The government does not directly address plaintiffs' request but does object to the time period in plaintiffs' original proposed notice, which runs from the date the notice was filed (presuming equitable tolling), rather than the date the notice is issued. Resp. at 12-13.

Equitable tolling of the statute of limitations should be applied "sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 90 (1990); *see also Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (requiring that for equitable tolling to apply, a plaintiff must show that "some extraordinary circumstance stood in his way and prevented timely filing") (citation omitted). Assuming that the FLSA's statute of limitations can be equitably tolled, this court has recognized that equitable tolling may be justified in three circumstances: (1) a defective pleading was filed during the statutory period; (2) plaintiff was induced or tricked by defendant's misconduct into allowing the filing deadline to pass; or (3) plaintiff's injury was inherently unknowable. *Martin v. United States*, No. 13-834C, 2015 WL 12791601, at *3 (Fed. Cl. Oct. 15, 2015) (citing *Christofferson v. United States*, 64 Fed. Cl. 316, 326 (2005)). Plaintiffs have not shown that any of these circumstances apply for a class limited to the Hines facility, where the named plaintiffs currently work. Moreover, although plaintiffs cite some instances where courts outside of this circuit have held that equitable tolling may be appropriate during the time it takes the court to consider a motion for conditional certification, *see* Mot. at 11-12, the delays in those cases were relatively lengthy, *see, e.g.*, *Viriri v. White Plains Hosp. Med. Ctr.*, 320 F.R.D. 344, 355 (S.D.N.Y. 2017) (citing cases declining to apply equitable tolling for periods up to eleven months). Here, the time between the filing of plaintiffs' August 22, 2019 motion and the court's decision has been two months. For these reasons, the court denies plaintiffs' motion for equitable tolling at this time. Any argument for equitable tolling relative to a possible nationwide class may be heard at a future date, should plaintiffs move for nationwide certification.

Finally, the court will permit plaintiffs to conduct discovery on facts relevant to whether a purported class of non-supervisory VA Diagnostic Radiological Technologists was "subject to a common employment policy or plan," to support a possible nationwide certification. *Boggs*, 139 Fed. Cl. at 378. The parties are directed to submit to the court a revised proposed discovery plan, by the date set forth below.

### IV. CONCLUSION

For the foregoing reasons, the court **GRANTS** plaintiffs' alternative request for conditional certification of a class of all individuals employed by the VA as Diagnostic Radiological Technologists (occupational series 0647) in a non-supervisory capacity at the Edward Hines, Jr. Hospital located in Hines, Illinois and who were classified as FLSA exempt. Because the court has denied plaintiffs' request for equitable tolling, the individuals in this class must have been employed, as set forth above, at any point within three years prior to the date of the issuance of notice.

The court **DENIES** without prejudice plaintiffs' motion for nationwide conditional certification and **DENIES** plaintiffs' request for equitable tolling at this time. Any request for equitable tolling of the statute of limitations related to a possible nationwide certification will be considered at a later date.

The plaintiffs are directed to submit to the court a revised proposed notice for the class of individuals limited to the Hines facility by **November 1, 2019**. The parties are encouraged to submit a joint proposed notice.

The court is in receipt of the parties' original discovery plan, submitted in their September 25, 2019 joint preliminary status report, which requests that most discovery deadlines be set after resolution of the motion for conditional certification. Joint Prelim.

11

Status Report at 4, ECF No. 20.  Because the court has now ruled on that motion, the parties are directed to submit a revised proposed discovery plan by **November 1, 2019**.  Thereafter, the court will schedule a status conference.

**IT IS SO ORDERED.**

s/Nancy B. Firestone  
NANCY B. FIRESTONE  
Senior Judge