# In the United States Court of Federal Claims

Nos. 19-371C, 20-444C, and 20-823C
**CONSOLIDATED**
(Filed: December 17, 2020)

| | |
|---|---|
| MICHALOVIC CRAWLEY, et al., | ) |
| | ) |
| Plaintiffs, | ) Fair Labor Standards Act; 29 U.S.C. § |
| v. | ) 216(b); Conditional Certification |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| DENNIS PLATANIA, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| ANAIT SESI, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING CONDITIONAL CERTIFICATION AND APPROVING NOTICE AND NOTICE PROCEDURES

Now pending before the court in these consolidated Fair Labor Standards Act

(FLSA) cases is the plaintiffs' unopposed motion for nationwide conditional certification

of a collective action and for approval of the plaintiffs' proposed notice and notice procedures.  Mot., ECF No. 56.  For the reasons that follow, the court **GRANTS** the unopposed motion, **ADOPTS** the parties' proposal regarding the relevant time period and the issue of equitable tolling, and **APPROVES** plaintiffs' proposed notice and notice procedures.

## I.    BACKGROUND

The plaintiffs in these consolidated cases are Diagnostic Radiologic Technologists (DRTs) that work at various Department of Veterans Affairs (VA) facilities around the country.  The plaintiffs allege that they were wrongfully classified as "exempt" under the FLSA, 29 U.S.C. §§ 201-19, 251-62, and thus were denied overtime pay.  Mot. at 1-2. Based on discovery to date, the parties have determined that "some significant number of DRTs were classified as exempt from the FLSA during the relevant time period."  *Id.* at 2.

Last year, the court in the lead case *Michalovic Crawley v. United States*, No. 19-317C, granted conditional certification of a collective action for DRTs at the Edward Hines Jr. Hospital, a VA facility in Illinois, and approved the parties' agreed notice of collective action to be sent to the potential Hines plaintiffs.  *See* Orders, ECF Nos. 22, 25. At that time, the court denied without prejudice the plaintiffs' motion for nationwide conditional certification for potential plaintiffs at other VA facilities, and also denied without prejudice the plaintiffs' request for equitable tolling.  Order at 2, ECF No. 22. The parties then proceeded to discovery regarding nationwide certification.  Fact discovery on nationwide certification was originally scheduled to end on May 1, 2020,

*see* Order at 2, ECF No. 25, but this deadline was extended several times, eventually to

December 11, 2020, *see* Order at 2, ECF No. 51.  In the meantime, DRTs from other VA

facilities filed similar lawsuits against the VA.  *See Platania v. United States*, No. 20-

444C; *Sesi v. United States*, No. 20-823C.  The court consolidated these cases, adding

plaintiffs from Baltimore, San Francisco, and Ohio.  *See* Order at 2, ECF No. 51.

In light of the impending December 11, 2020 discovery deadline on nationwide

certification and other developments in these cases, the court held two status conferences

on December 2 and 8, 2020.  At the December 2 conference, the government stated that

delays in obtaining discovery regarding nationwide certification had been impacted by

two unique factors.  Mot. at 2.  First, the government stated that the ongoing COVID-19

pandemic has stressed the VA's ability to coordinate production of documents and

witness testimony.  *Id.* at 2-3.  The government represented that Human Resources (HR)

personnel at the VA were further impacted by COVID-19 in that they were required to

devote much of their time to recruitment and hiring of additional healthcare workers

necessary to deal with the stresses the pandemic placed on the VA.  *Id.* at 3.  Second, the

government stated that the VA had undergone a reorganization of its HR grouping,

relocating HR management from the facility level to the Veterans Integrated Service

Networks level.  *Id.*  This scrambled HR personnel from their previous roles and resulted

in further delays in locating and producing documents and witness testimony.  *Id.*

As a result of the December 2 and 8 status conferences, the parties agreed to the

conditional certification of a proposed nationwide class as well as a proposed notice and

notice procedures, which are now pending before the court.  The government does not

oppose plaintiffs' requests for conditional nationwide certification and notice based on the unique circumstances of these cases, including the circumstances related to the COVID-19 pandemic and its affect on the VA's operations, the VA's ongoing HR reorganization, and the facts specific to the DRT position and its classification. *Id.* at 1.

## II.    DISCUSSION

Section 216(b) of the FLSA permits plaintiffs to bring an action on behalf of themselves and other "similarly situated" employees.  29 U.S.C. § 216(b).  Plaintiffs in an FLSA collective action must affirmatively opt into the class to become party plaintiffs. *See, e.g.*, *Boggs v. United States*, 139 Fed. Cl. 375, 377 (2018).

The mechanism by which a collective action is certified is not specified in the FLSA.  *See Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 170-72 (1989).  This court has adopted a "two-step" approach to certification.  *See Boggs*, 139 Fed. Cl. at 378 (listing cases).  Under the "two-step" approach, the court first makes a preliminary determination of whether to grant conditional certification.  *See Barry v. United States*, 117 Fed. Cl. 518, 520-21 (2014).  At this initial stage, "[p]laintiffs' burden . . . is low." *Id.* at 521.  When conditional certification is granted, the court may authorize notice to be given to potential plaintiffs.  *Hoffmann-La Roche*, 493 U.S. at 170-71.  After the notice and opt-in process is complete, the defendant may move to remove individuals from the case or decertify the conditionally-certified class.  *Gayle v. United States*, 85 Fed. Cl. 72, 77 (2008).

Here, given the unique circumstances identified by the government and based on the parties' discovery to date, the court finds that conditional certification of a nationwide

class in these cases is appropriate.  The court therefore **GRANTS** conditional

certification of the following class:  All past or present employees of the Department of

Veterans Affairs (VA) who occupied the Diagnostic Radiologic Technologist series

(occupational series 0647) in a non-supervisory capacity and who were classified as

FLSA exempt during the relevant time period.

The court further **ADOPTS** the parties' agreed-upon proposal regarding the

relevant time period in deciding who receives the notice of collective action and for

addressing the equitable tolling of the two- or three-year FLSA statute of limitations.  *See*

29 U.S.C. § 255(a); Mot. at 4-6.  The court acknowledges that plaintiffs intend to seek

equitable tolling and that the government opposes this request.  Mot. at 4-5.  However, in

the interest of expediency, the parties have agreed to a cut-off date of October 21, 2016 to

identify recipients of the notice.  *Id.* at 5.  Thus, for the purpose of the notice only,

October 21, 2016 will be used.  *Id.*

The parties shall by **January 8, 2021** submit a joint status report proposing a

briefing schedule on equitable tolling.  Based on that briefing, the court may decide

whether to permit equitable tolling in these cases.  If the court denies equitable tolling,

some recipients of the notice may not be entitled to damages in this action.  The parties

shall also propose in the January 8, 2021 joint status report what modifications need to be

made to the procedure regarding amended complaints and answers previously adopted by

the court.  *See* Order at 2, ECF No. 51.

The court also **APPROVES** the plaintiffs' notice of collective action, which the

government does not oppose.  Mot. at 6; *id.*, Ex. 1.  The notice is nearly identical to the

5

notice for the Hines facility previously approved by the court. *Id.*; *see also* Notice, ECF No. 23-1; Order at 1, ECF No. 25. The court has carefully reviewed the notice and has determined that the notice avoids the appearance of judicial endorsement of the merits of this action, appropriately informs potential plaintiffs of their role in and the consequences of joining the collective action, properly sets out arrangements for attorney's fees and costs, and notifies potential plaintiffs that they are free to file their own lawsuit. *See Hoffmann-La Roche*, 493 U.S. at 174; *see also, e.g.*, *Doe No. 1 v. United States*, 143 Fed. Cl. 113, 116-17 (2019).

Finally, the court **APPROVES** the plaintiffs' proposed notice procedures, which the government does not oppose. Mot. at 6-7. The government will within ten days of the date of plaintiffs' motion provide plaintiffs' counsel the names, postal addresses, and work email addresses of all employees in the conditionally-certified class. Plaintiffs will then promptly send the notice and consent form by U.S. mail, with an addressed and stamped return envelope. Plaintiffs will also send the notice by email with the subject line "Notice of Collective Action and Opportunity to Join." The notice will be sent to all class members other than those who are already participating in these cases. Potential plaintiffs will have 90 days from the date the notice is mailed to return the consent form.

Plaintiffs' counsel may send a second notice by U.S. mail to potential plaintiffs from whom they have not received a consent form, approximately one month before the deadline for receipt of consent forms. This notice will be identical to the initial notice, except that plaintiffs may modify the notice to state the number of individuals who have opted into these cases and may make other changes approved by the court for good cause

shown.  If plaintiffs decide to send a second notice, plaintiffs' counsel will bear the cost of sending the second notice by U.S. mail.  Plaintiffs may also send a second email notice at this time.  Plaintiffs' counsel shall also be authorized to post the notice on their website and to create a mechanism by which potential plaintiffs can opt-in electronically through the website.

## III.   CONCLUSION

Based on the foregoing, the court **GRANTS** the plaintiffs' unopposed motion for conditional certification and notice, ECF No. 56, **ADOPTS** the parties' proposal regarding the relevant time period and the issue of equitable tolling, and **APPROVES** plaintiffs' proposed notice and notice procedures.  The parties' joint status report as described above is due by **January 8, 2021.**

**IT IS SO ORDERED**.

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge