# In the United States Court of Federal Claims

Nos. 19-371C, 20-444C, and 20-823C
**CONSOLIDATED**
(Filed: December 2, 2021)

|  |  |  |
|---|---|---|
| MICHALOVIC CRAWLEY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Fair Labor Standards Act; Equitable Tolling |
| v. | ) ) ) | |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

*Daniel M. Rosenthal*, Washington, DC, with whom were *Brita C. Zacek* and *Linda Lipsett*, Washington, DC, for plaintiffs.

*Andrew Hunter*, Civil Division, United States Department of Justice, Washington, DC, with whom were *Brian M. Boynton*, Acting Assistant Attorney General, *Martin F. Hockey, Jr.*, Director, and *Reginald T. Blades, Jr.*, Assistant Director, for defendant.

## OPINION

**FIRESTONE**, *Senior Judge.*

Plaintiffs in these consolidated cases are Diagnostic Radiological Technologists ("DRTs") employed by the Department of Veterans Affairs ("VA"). Plaintiffs allege that they were wrongfully classified as "exempt" under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19, and therefore did not receive overtime pay in violation of the FLSA. 2d Am. Compl. ¶¶ 27, 37, ECF No. 37. Plaintiffs also allege that they were deprived of night and weekend premium pay in violation of Title 5 of the U.S. Code. *Id.* ¶¶ 28, 39. On December 17, 2020, the court granted plaintiffs' motion for

1

conditional certification of and notice to a nationwide collective of non-supervisory VA DRTs who were classified as exempt. *Crawley v. United States*, 151 Fed. Cl. 345, 346 (2020). Approximately 500 individuals have joined the conditionally-certified collective action. *See* Notice, ECF No. 120.

Now pending before the court is plaintiffs' motion for equitable tolling of the FLSA's statute of limitations for all plaintiffs as of October 21, 2019. Because plaintiffs have not established that equitable tolling is appropriate in these cases, plaintiffs' motion is **DENIED**.

I.     BACKGROUND

The VA operates a network of hospitals and other facilities providing healthcare to veterans and employs, nationwide, approximately 4,000 DRTs. *Crawley v. United States*, 145 Fed. Cl. 466, 448 (2019). The named plaintiffs that filed the lead case in this set of consolidated cases, *Crawley v. United States*, No. 19-371C, are DRTs at the Edward J. Hines, Jr. Hospital, a VA facility in Illinois. *Id.* The *Crawley* plaintiffs first filed their complaint alleging FLSA and Title 5 violations on March 11, 2019. Compl., ECF No. 1.

On October 21, 2019, the court granted conditional certification of a collective action for certain DRTs at the Hines facility only. *Crawley*, 145 Fed. Cl. at 448, 452. At that time, the court denied without prejudice the Hines plaintiffs' motion for nationwide conditional certification of eligible DRTs at other VA facilities, and also denied without prejudice the Hines plaintiffs' request for equitable tolling of the FLSA statute of limitations. *Id.* at 452.

The parties then proceeded to discovery regarding nationwide certification. By party agreement, fact discovery on nationwide certification was originally scheduled to end on May 1, 2020, *see* Order at 2, ECF No. 25, but this deadline was extended several times, eventually to December 11, 2020, *see* Order at 2, ECF No. 51. The approximately seven-month delay was attributable to the government's difficulties in responding to plaintiffs' discovery requests due to the COVID-19 pandemic and the reorganization of the VA's human resources groups. *See Crawley*, 151 Fed. Cl. at 346-47. During this discovery period, DRTs from other VA facilities filed two similar lawsuits against the VA. *See Platania v. United States*, No. 20-444C (Compl. filed Apr. 16, 2020); *Sesi v. United States*, No. 20-823C (Compl. filed July 8, 2020). The court consolidated these cases with the *Crawley* case, adding plaintiffs from Baltimore, San Francisco, and Ohio. *See* Order at 2, ECF No. 51; *Crawley*, 151 Fed. Cl. at 347.

On December 15, 2020, the plaintiffs in the three consolidated cases filed an unopposed motion for conditional certification of a nationwide collective action. Unopp. Mot. for Conditional Certification at 1, ECF No. 56. Plaintiffs indicated that they would seek equitable tolling at a later time, but, in the interim, the parties had agreed to a cutoff date of October 21, 2016 to identify recipients of the notice—three years prior to the court's grant of conditional certification for the Hines plaintiffs. *Id.* at 5. On December 17, 2020, the court granted the motion for conditional certification of a nationwide collective action of non-supervisory VA DRTs classified as exempt and approved the parties' agreed notice and notice procedures. *Crawley*, 151 Fed. Cl. at 347-48.

However, issuance of the agreed notice was delayed for some potential collective action members due to difficulties in locating the names and contact information for these members in the relevant VA systems. *See, e.g.*, Joint Status Report at 1-2, ECF No. 68. As a result, plaintiffs were unable to complete the sending of notice until May 3, 2021, a delay of over 4 months. *See* Joint Status Report at 1, ECF No. 108; Mot. at 3-4, ECF No. 121. Potential plaintiffs had 90 days from the date their notice was mailed to opt into the collective action by returning a consent form. *Crawley*, 151 Fed. Cl. at 348 (approving notice procedures). The deadline for the last notices sent was approximately August 3, 2021.

On August 3, 2021, plaintiffs filed a renewed motion for equitable tolling of the FLSA's statute of limitations for all plaintiffs as of October 21, 2019, the date that the court granted conditional certification for the Hines plaintiffs and permitted discovery as to nationwide certification. Mot. at 1. The plaintiffs argue that equitable tolling is appropriate due to the substantial delays in discovery and in issuing notice to the opt-in plaintiffs through no fault or lack of diligence by plaintiffs. *Id.* at 4-9. In support, plaintiffs submit affidavits from five collective action members. *Id.*, Exs. 1-5. Some of these members state that they were led to believe that their overtime pay was correct or were given incomplete information about their exemption status. *See id.*, Exs. 3-5.

The government responds that, as an initial matter, equitable tolling is unavailable in FLSA cases against the federal government because the "FLSA statute of limitations is an element of the waiver of sovereign immunity" which is "jurisdictional," and because the statutory language of the FLSA forecloses equitable tolling. Resp. at 2-4, ECF No.

125. Even if equitable tolling were available, the government argues, the plaintiffs have not demonstrated that equitable tolling is warranted here. *Id.* at 4-11.

In reply, the plaintiffs argue that equitable tolling is available against the government because tolling is available in private suits under the FLSA and because recent precedent in this court, the Federal Circuit, and the Supreme Court supports tolling. Reply at 1-6, ECF No. 128. The plaintiffs reiterate that equitable tolling is appropriate in these cases because of "an extreme delay caused by extraordinary circumstances: a global pandemic and repeated failures by the Government to comply with its discovery obligations." *Id.* at 6-11.

Oral argument was held on November 16, 2021.

**II.   LEGAL STANDARDS**

The FLSA governs hourly overtime compensation for certain employees. *Adams v. United States*, 141 Fed. Cl. 428, 431 (2019). In 1974, Congress extended the FLSA to cover federal employees unless the employee was expressly exempted from coverage. *Id.* For non-exempt employees, the FLSA authorizes employees to earn overtime at not less than one and one-half times an employee's regular pay for work in excess of a forty-hour work week. 29 U.S.C. § 207(a)(1); *Akpeneye v. United States*, 990 F.3d 1373, 1378 (Fed. Cir. 2021).

Employers who violate the FLSA are liable to covered employees for their unpaid overtime compensation. 29 U.S.C. § 216(b). The FLSA entitles employees to bring claims for FLSA violations on behalf of themselves and employees who are "similarly situated" through an FLSA collective action. *Id.* The Supreme Court has held that the

FLSA authorizes courts to issue notice to similarly situated employees, *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170-71 (1989), who may opt into the collective action.

Under the FLSA, a plaintiff's claim to recover unpaid overtime compensation must be commenced within two years of the alleged violation, unless the violation is willful, in which case the limitations period is three years. 29 U.S.C. § 255(a). A named plaintiff's claim commences "on the date when the complaint is filed." *Id.* § 256(a). In an FLSA collective action, an opt-in plaintiff's claim only commences "on the subsequent date on which [the opt-in plaintiff's] written consent is filed." *Id.* § 256(b). Thus, the FLSA recognizes that opt-in plaintiffs will file consent forms sometime after a complaint is filed and provides that the statute of limitations continues to run for opt-in plaintiffs until their written consents are filed with the court.

The "question of whether equitable tolling" of the statute of limitations "is allowed under the FLSA has not been resolved by the Supreme Court or the Federal Circuit." *Moreno v. United States*, 82 Fed. Cl. 387, 400 (2008). However, in *Irwin v. Department of Veterans Affairs*, the Supreme Court determined with regard to the statute of limitations generally that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." 498 U.S. 89, 95-96 (1990). At the same time, the Supreme Court cautioned that equitable tolling of the statute of limitations should be applied "sparingly." *Id.* at 96. The Court noted that it had previously "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the

statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* (footnotes omitted).

Assuming that the FLSA's statute of limitations can be equitably tolled, this court, applying *Irwin*, has recognized that equitable tolling may be justified where plaintiffs can show: (1) a defective pleading was filed during the statutory period; (2) plaintiff was induced or tricked by defendant's misconduct into allowing the filing deadline to pass; or (3) plaintiff's injury was inherently unknowable. *Christofferson v. United States*, 64 Fed. Cl. 316, 326 (2005) (discussing *Irwin*, 498 U.S. at 96); *see also, e.g.*, *Smith v. United States*, No. 19-1348C, 2021 WL 4824151, at *10 (Fed. Cl. Oct. 15, 2021); *Martin v. United States*, No. 13-834C, 2015 WL 12791601, at *3 (Fed. Cl. Oct. 15, 2015) (citing *Christofferson*, 64 Fed. Cl. at 326).

The Supreme Court, also citing *Irwin*, has stated that to show that equitable tolling of a statute of limitations is appropriate, a litigant bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing the claim. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin*, 498 U.S. at 96); *see also, e.g.*, *Menominee Indian Tribe v. United States*, 577 U.S. 250, 255 (2016). Under this two-pronged test, the "diligence prong . . . covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257. In other words, the extraordinary circumstances prong "is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.*

The two components of this test are "distinct elements," and the court may deny requests for equitable tolling "where a litigant failed to satisfy one without addressing whether he satisfied the other." *Id.* at 256. Because of the "flexibility inherent in equitable procedure," whether equitable tolling is appropriate under this standard must be decided on a "case-by-case basis," and courts must "exercise judgment in light of prior precedent, but with awareness" of the "specific circumstances" of a particular case. *Holland v. Florida*, 560 U.S. 631, 649-50 (2010) (quotations omitted).

The Federal Circuit has recently applied this two-pronged standard in a variety of contexts, *see, e.g.*, *K.G. v. Sec'y of Health & Human Servs.*, 951 F.3d 1374, 1379 (Fed. Cir. 2020) (citing *Menominee Indian Tribe*, 577 U.S. at 256); *Nussbaum v. United States*, No. 2020-1170, 2021 WL 5353888, at *1 n.3 (Fed. Cir. Nov. 17, 2021), but neither the Supreme Court nor the Federal Circuit have addressed the standard in cases involving the FLSA, *see Menominee Indian Tribe*, 577 U.S. at 257 n.2 (noting that the Supreme Court has never held that this standard applies outside of the habeas context). Depending on the particular facts of and statutes at issue in a case, the Federal Circuit and the Supreme Court have held that "extraordinary circumstances" may include egregious attorney misconduct, *Holland*, 560 U.S. at 652, or the "mental incompetence" or severe physical illness of a plaintiff, *K.G.*, 951 F.3d at 1381-82; *Arbas v. Nicholson*, 403 F.3d 1379, 1381 (Fed. Cir. 2005). However, "a garden variety claim of excusable neglect," *Irwin*, 498 U.S. at 96, such as a "miscalculation" that leads to a missed filing deadline, *Lawrence v. Florida*, 549 U.S. 327, 336 (2007), or a mistaken legal interpretation or strategy, *see Menominee Indian Tribe*, 577 U.S. at 257-58, is insufficient.

## III.     DISCUSSION

As an initial matter, the government argues in these cases that equitable tolling of the FLSA statute of limitations is not available in suits against the federal government. Resp. at 2-4.  According to the government, the FLSA's statutory language makes clear that the FLSA's statute of limitations is not subject to tolling.  *Id.* at 3-4.  As discussed above, this question has not been resolved by either the Federal Circuit or the Supreme Court, although this court has held that the "weight of authority in the United States Court of Federal Claims . . . acknowledges that equitable tolling of the statute of limitations is available in FLSA cases under certain limited circumstances." *Abbey v. United States*, 106 Fed. Cl. 254, 266 (2012) (collecting cases); *see also, e.g.*, *Braswell v. United States*, 155 Fed. Cl. 148, 151 (2021).  However, the court need not address this issue because, even assuming that equitable tolling is available, plaintiffs have not satisfied their burden of demonstrating that equitable tolling is warranted.

Turning first to the three circumstances recognized by this court as sufficient to warrant equitable tolling, this is not a case where a "defective pleading was filed during the statutory period." *Martin*, 2015 WL 12791610, at *3.  In addition, plaintiffs have not demonstrated that the government's "misconduct" "induced" them to delay the filing of their claims. *Id.*  Plaintiffs do argue that some collective action members were given inadequate or incorrect information by the VA about their FLSA exemption status.  Mot. at 4; Reply at 9 & n.2.  Yet, the short statements submitted by the plaintiffs in support of this argument, *see* Mot., Ex. 3 ¶ 5 (stating that VA "Human Resources and payroll" were "unable to adequately explain the change [in FLSA exemption status] or explain which

9

FLSA classification was correct"), Ex. 4 ¶ 4 (stating that "not long after I joined the VA [in 2011], I asked my supervisor why I was not receiving time-and-a-half for all overtime hours worked, and I was told that my overtime pay was capped because I was a government employee"), Ex. 5 ¶ 2 (stating that "the VA never clearly informed me of my [exemption] status"), do not demonstrate the type of government "misconduct" that warrants equitable tolling. *Martin*, 2015 WL 12791601, at *3. Plaintiffs do not argue that the VA engaged in "secretive" or "concealed" conduct to prevent collective action members from filing their claims. *Id.* (citing *Abbey*, 106 Fed. Cl. at 287; *Huggins v. United States*, No. 95-285C, 2005 WL 6112625, at *8-9 (Fed. Cl. Aug. 16, 2005)). Moreover, as this court has previously held, the "mere assertion by an employer that the employee was being properly compensated under relevant FLSA provisions [does] not give rise to equitable tolling." *Huggins*, 2005 WL 6112625, at *8. The court therefore concludes that the actions described in the affidavits do not constitute government "misconduct" warranting equitable tolling under the FLSA.

Plaintiffs also fail to demonstrate that the claims of plaintiffs joining the collective action after October 21, 2019 were "inherently unknowable." *Christofferson*, 64 Fed. Cl. at 327. Plaintiffs argue that although they "may have been aware that they were not receiving overtime pay," many opt-in plaintiffs' claims were unknowable until they were able to "know that such withholding of overtime pay was unlawful . . . ." Reply at 9. However, this court has held that "confusion" over "whether plaintiffs were legally entitled to overtime" is not enough to justify equitable tolling, even where the plaintiffs' government employers may be the source of this confusion. *Christofferson*, 64 Fed. Cl.

10

at 327; *Huggins*, 2005 WL 6112625, at *8-9. Rather, plaintiffs' claims in these cases "would have been apparent when [they] received a paycheck that only compensated [them] for 40 hours of work." *Smith*, 2021 WL 4824151, at *10; *see also Christofferson*, 64 Fed. Cl. at 327 (holding that the government was under no duty to give plaintiffs notice of potential claims). Plaintiffs do not argue that this information was not available to them. In fact, two of the affidavits submitted by plaintiffs suggest that the affiants did know, prior to receiving notice of the collective action, that they were not receiving overtime pay or that something was amiss with their exemption status. *See* Mot., Ex. 3 ¶ 5, Ex. 4 ¶ 4. For these reasons, the court concludes that plaintiffs have not demonstrated that equitable tolling is warranted under the three circumstances often identified by this court as justifying equitable tolling in FLSA cases.

Finally, under the more general standard stated by the Supreme Court and the Federal Circuit, the court agrees with the government that plaintiffs have not demonstrated that "extraordinary circumstances" prevented them from timely filing their claims. Resp. at 7, 10-11. In arguing for equitable tolling, plaintiffs rely on the delay in sending notice to opt-in plaintiffs caused by the COVID-19 global pandemic and the government's delay in producing requested discovery and potential opt-in plaintiffs' contact information. Mot. at 4, 6-7; Reply at 6.

While the court acknowledges that discovery in these cases was hindered, in part, by the unique circumstances surrounding the COVID-19 pandemic, the court does not find that plaintiffs' allegations of delay rise to the level of an "extraordinary circumstance." Unlike in the Federal Circuit cases recognizing "extraordinary

11

circumstances," plaintiffs here do not argue that an incapacitating illness prevented them from filing their claims. *See, e.g.*, *K.G.*, 951 F.3d at 1381-82.  Rather, plaintiffs argue that some opt-in plaintiffs received notice of this collective action later than they should have due to the government's delays in producing information.  Yet, as discussed above, the FLSA's statutory scheme recognizes that there will be *some* lapse of time between when a complaint is filed and when an opt-in plaintiff is identified, receives notice, and files a consent form.  The court does not find the delays identified by the plaintiffs to be so outside the bounds of the ordinary procedural delays anticipated by the FLSA as to be "extraordinary."

In addition, plaintiffs have not shown how these delays "stood in the way" of the timely filing of their claims.  *Pace*, 544 U.S. at 418.  As discussed above, the court does not find that plaintiffs' claims were unknowable until they received notice.  In fact, the named plaintiffs in *Platania* (filed April 16, 2020) and *Sesi* (filed July 8, 2020) were able to file their own lawsuits during the period for which plaintiffs seek equitable tolling.  And while there was delay in locating the contact information of some potential opt-in plaintiffs, this court has previously held that a similar delay did not justify equitable tolling.  *See Martin*, 2015 WL 12791601, at *4-5 (declining to equitably toll the statute of limitations where notice to certain plaintiffs was delayed by four to five months).  Moreover, plaintiffs have failed to demonstrate why the delay in locating some opt-in plaintiffs' contact information should justify equitable tolling for all plaintiffs, regardless of when they filed their complaint or submitted their consent form.  Given that equitable

tolling should be used "sparingly," *Irwin*, 498 U.S. at 96, the court declines to find that "extraordinary circumstances" warrant equitable tolling in these cases.

In so holding, the court does not find that litigation delays or delays in receiving notice of a collective action can never justify equitable tolling. There may be some circumstances where protracted litigation justifies modifying the limitations period, or where opt-in plaintiffs' claims were unknowable until the receipt of notice. However, based on the specific facts of this case and the guidance provided by precedent in this court and the Federal Circuit, *see Holland*, 560 U.S. at 650, the court finds no such "extraordinary circumstances" here.

The cases relied on by the plaintiffs do not alter this conclusion. Some courts outside of this Circuit have recognized that equitable tolling in FLSA cases may be appropriate due to the court's own delay in ruling on a pending motion for conditional certification. *See, e.g.*, *Viriri v. White Plains Hosp. Med. Ctr.*, 320 F.R.D. 344, 355 (S.D.N.Y. 2017) (citing cases). The cases cited by plaintiffs, some of which also refer to the COVID-19 pandemic as a factor, rely on this type of unusual court delay in granting equitable tolling. *See, e.g.*, *Bruno v. Wells Fargo Bank N.A.*, No. 2:19-cv-00587, 2021 WL 964938, at *5-6 (W.D. Pa. Mar. 15, 2021) (granting equitable tolling based on a delay in "the decision on conditional certification"); *Cummins v. Ascellon Corp.*, No. 19-2953, 2020 WL 6544822, at *10 (D. Md. Nov. 6, 2020) (granting equitable tolling for a seven-month delay between the filing of and the decision on a motion for conditional certification); *Klick v. Cenikor Found.*, 509 F. Supp. 3d 951, 957 (S.D. Tex. Dec. 23, 2020) (granting equitable tolling where due to procedural issues the court was unaware of

13

the plaintiffs' motions for conditional certification even though those motions were filed within two weeks of the initial complaints); *Han v. Shang Noodle House, Inc.*, No. 20-2266, 2021 WL 3774186, at *13 (E.D.N.Y. Aug. 24, 2021) ("Although equitable tolling is not routinely granted, the Court finds that it is appropriate here given Plaintiff's argument that it would be unfair to count time against potential plaintiffs for the period the conditional certification motion was pending . . . and COVID-19 pandemic issues."); *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 860 (N.D. Ill. 2013) ("The long delay in issuing a ruling is an extraordinary circumstance that should not cause the opt-ins to lose out on the potential benefits of this lawsuit.").  The plaintiffs have not cited any cases in the Federal Circuit holding that equitable tolling is justified based on court delay.  Even if there were such precedent in this Circuit, there is no allegation in these cases of court delay in issuing a ruling on a motion for conditional certification. *See Smith*, 2021 WL 4824151, at *10 (holding that the court was "unpersuaded by holdings articulated outside of this Circuit that equitable tolling may be appropriate to account for the time it takes the court to consider a motion for conditional certification").

In sum, plaintiffs have failed to satisfy this court's three-pronged test for equitable tolling.  Plaintiffs have also not demonstrated that "extraordinary circumstances" warrant tolling under the Supreme Court's two-pronged test.[1]  The court therefore denies plaintiffs' motion.

---

[1] Because the court holds that plaintiffs have not demonstrated that "extraordinary circumstances" stood in the way of filing their claims, the court does not address plaintiffs' diligence in pursuing their rights.  *Menominee Indian Tribe*, 577 U.S. at 256 (holding that the two components of the equitable tolling standard are "distinct elements").

## IV.	CONCLUSION

For the foregoing reasons, plaintiffs' motion for equitable tolling, ECF No. 121, is **DENIED.**  The parties shall file a joint status report by **December 16, 2021**, proposing further proceedings in these consolidated cases.

**IT IS SO ORDERED**.

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge
